**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| BETTIE J. PASCHALL, Executrix of the ) | |
| Estate of EARL WAYNE PASCHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11CV431 |
| ) | |
| CBS CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO REMAND**

The Plaintiff states as follows for her memorandum in support of her motion to remand this cause to the Circuit Court of the City of Richmond, Virginia, from which Court it was attempted to be removed to this Court:

**Facts**

1.      On March 19, 2011, the Plaintiff filed her Complaint in this action in the Circuit Court of the City of Richmond, Virginia.  (Date-stamped copy of Original Complaint attached).

2.      On September 2, 2011, the Plaintiff served the Complaint on the first of the instant Defendants.  The remaining instant Defendants were all served shortly thereafter, except CBS Corporation which was served with the Amended Complaint.

3.      The case stated by the initial pleading was not removable due to the inclusion of "premises defendants" many of which were Virginia citizens, as is the Plaintiff.

4.      The Defendants demurred to the Complaint, and on December 13, 2010, a hearing was held, and on December 30, 2010, the Court entered an Order sustaining the demurrers in part and granting leave to amend.

5.      On or about January 19, 2011, the Plaintiff filed her Amended Complaint.

6.      The Defendants demurred to the Amended Complaint, and noticed a hearing for April 12, 2011.

7.      Prior to the hearing of April 12th, on April 5, 2011, the Plaintiff nonsuited the "premises defendants" thereby dismissing them from the case.  (See attached Transmittal Letter dated 4/5/11 with sketch Nonsuit Order).  On April 6, 2011, the Court entered the Nonsuit Order. (See attached copy of entered Nonsuit Order).  On April 6, 2011, the case became removable as the remaining Defendants were diverse in citizenship with the Plaintiff.

8.      All the Defendants had notice of the Nonsuit Order dismissing the "premises defendants" during April of 2011, and in particular, between April 5th and 21st, and far before the Second Amended Complaint was filed on June 6, 2011.

9.      First, all the Defendants' counsel were copied by Plaintiff on the transmittal of the Nonsuit Order to the Court.   (See 4/5/11 Transmittal Letter with sketch order copying all Defendants' counsel).  This was a first nonsuit of the "premises defendants," and a first nonsuit is of right in the Virginia courts.  City of Suffolk v. Lummis Gin Company, 278 Va. 270, 683 S.E.2d 549 (2009) (Va. Code § 8.01-380 grants "an absolute right to one nonsuit").   The Defendants all knew the Nonsuit Order was of right and would be imminently entered.

10.     Second, after its entry on April 6, 2011, the Nonsuit Order was available to all counsel in the Court's file.   Virginia counsel have a duty to keep themselves abreast of the Court's file.  Smith v. Stanaway, 242 Va. 286, 289, 410 S.E.2d 610, 612 (1991) ("counsel of

record have the duty and the responsibility to examine the public record"). By this, the Defendants all knew or should have known the Nonsuit Order had been entered.

11.    Third, counsel for all the instant Defendants were present in the courtroom at the hearing on April 12, 2011, wherein the entry of the Nonsuit Order was discussed in connection with Defendants' arguments relating to misjoinder. (Counsel is in the process of obtaining the transcript from this hearing). By this, the Defendants all knew the Nonsuit Order had been entered, and was in the Court's file.

12.    Fourth, and finally, the Clerk of Court posted copies of the Nonsuit Order about April 21, 2011. (See entered Nonsuit Order with envelope bearing 4/18/11 postmark). By April 21st at the very latest, all the Defendants had received papers by which they could ascertain the case was removable.

13.    The Defendants did not attempt to remove this case from the state court to this Court at any time during 30 days April 5th, April 6th, April 12th, April 18th, April 21st, or any other date in April.

14.    After the April 12, 2011, hearing, the Court entered an Order on May 17, 2011, again sustaining the Defendants' demurrers in part and again granting Plaintiff leave to amend.

15.    On June 6, 2011, the Plaintiff filed her Second Amended Complaint. Please note that the descriptions of the Plaintiff (Virginia) and the instant Defendants ("a Delaware corporation," "a Pennsylvania corporation," "a non-Virginia corporation," etc.) have been substantially identical as set forth in the Complaint, the Amended Complaint, as stated in the Nonsuit Order (which specifically listed the remaining defendants), and as stated in the Second Amended Complaint. Moreover, on information and belief, all the instant Defendants are publicly traded corporations with easily ascertainable citizenship.

16.    About June 20, 2011, the instant Defendants filed demurrers and answers to the Second Amended Complaint.

17.    About June 28, 2011, the parties noticed a third demurrer hearing to be held August 15, 2011.

18.    On July 5, 2011, the Defendants Thyssenkrupp Elevator Corporation and Dover Elevator Company (collectively, "Thyssenkrupp") filed their Notice of Filing for Removal in this case, citing to Plaintiff's Second Amended Complaint as the "first paper by which Thyssenkrupp could ascertain the case was removeable."

## **Argument**

Thyssenkrupp's Notice of Filing for Removal ("Removal Notice") was filed too late. Thyssenkrupp <u>failed</u> to file the Removal Notice:  (1) within 30 days after their receipt of a copy of an amended pleading, motion, order or other paper from which it first may be ascertained that the case is one which is or has become removable; nor (2) within 1 year of the commencement of the action.

In pertinent part, 28 USC § 1446 (b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

The case stated by the initial pleading included non-diverse defendants and was, on its face, not removable.  However, the Defendants could ascertain from the correspondence to the Court, dated April 5, 2011, requesting presentation and entry of Plaintiff's Nonsuit Order, and/or from the Nonsuit Order itself, entered April 6, 2011, that this action was now only against the instant

4

(diverse) Defendants, and was therefore removable.  In fact, the Nonsuit Order individually recited the names of the remaining Defendants, including the descriptions "a Delaware corporation," "a Pennsylvania corporation," "a Non-Virginia corporation," etc.

Additionally, between April 5th and April 21st, the Defendants were repeatedly put on notice regarding the Nonsuit Order, it was discussed at the April 12th hearing, and they received copies of the order and its associated correspondence.  The Defendants could ascertain from those documents that the case was now removable.  Accordingly, Thyssenkrupp should have filed the Removal Notice by May 5, 2011, and in any event by May 21, 2011, to meet the 30-day limitation set forth in 28 USC § 1446(b), but failed to do so.  The Removal Notice filed July 5, 2011, is procedurally defective in that it was filed more than 30 days after Thyssenkrupp learned the case was removable.

Additionally, Thyssenkrupp failed to meet the 1-year limit in 28 USC § 1446(b).  This action was commenced on March 19, 2010, when Plaintiff filed her original Complaint.  (See Rule 3:2 of the Rules of the Supreme Court of Virginia stating "a civil action shall be commenced by filing of a complaint").  More than one year has passed since the commencement of this action, with two demurrer hearings already held and a third scheduled.  The Removal Notice filed July 5, 2011, is too late in that more than 1 year has already passed since the commencement of the case.  See Lovern v. General Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997) (statute creates "an absolute bar to removal" of diversity cases "more than 1 year after commencement of the action."); Culkin v. CNH America, LLC, 598 F.Supp.2d 758, 760 (E.D. Va. 2009) (action commenced when initially filed in state court); US Airways, Inc. v. PMA Capital Ins. Co., 340 F.Supp.2d 699 (E.D. Va. 2004).  This "absolute bar" may be procedural or, perhaps, jurisdictional.  Either way, the instant attempt at removal is precluded.

And although the Defendant claims in its Removal Notice that this case was commenced by the filing of the Amended Complaint rather than by the original Complaint, that contention is refuted by Rule 3:2 of the Rules of the Supreme Court of Virginia.  While Defendant cites to Estate of James v. Peyton, 277 Va. 443 (2009), to support its contention, the cited case is inapplicable because (1) it was decided before Rule 3:2 was amended in 2006 to clarify that civil actions are commenced by the filing of a complaint, (2) that case pertained to the joinder of a previously non-identified defendant and relation back (not an issue here), and (3) that case revolved on the fact that a suit against a deceased person is a nullity (also not an issue here).  The case cited by Thyssenkrupp has no bearing on any issues now before this Court.

WHEREFORE, the Plaintiff respectfully requests that this Court remand this action to the Circuit Court of the City of Richmond, Virginia, and award her the costs and attorney's fees incurred in connection with her motion to remand.

DATED:  July 11, 2011.

Respectfully submitted,

BETTIE J. PASCHALL, Executrix of the
Estate of EARL WAYNE PASCHALL

By Counsel

_____/s/_____
Mark H. Schmidt (VSB # 44521)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone:  (804) 358-4731
Facsimile:  (804) 864-0895
Email:  mschmidt@ayerslaw.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2011, I will electronically file the foregoing Memorandum in Support of Motion to Remand with the Clerk of the Court using the CM/ECF system, which will then send a notice of filing to:

Robert F. Redmond, Jr. (VSB # 32292)
Williams Mullen, P.C.
200 South 10th Street
Richmond, Virginia 23219
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
Email:  rredmond@williamsmullen.com
***Counsel for Thyssenkrupp Elevator Corporation, etc., Dover Elevator Company, Kone Inc., etc., and Montgomery Elevator Company***

Martin A. Conn, Esq.
Moran Reeves & Conn
4110 East Parham Road
Richmond, Virginia 23228
Email:  mrc@mrcpclaw.com
***Counsel for United Technologies Corporation and Otis Elevator Company***

Harry N. Ware, Jr., Esq.
Spotts Fain
411 East Franklin Street, Suite 600
Richmond, Virginia 23218
Email: hnware@spottsfain.com
***Counsel for CBS Corporation***

Carl R. Schwertz, Esq.
Miles Stockbridge
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102
Email: cschwertz@milesstockbridge.com
***Counsel for Schindler Elevator Corporation***

_____/s/_____
Mark H. Schmidt (VSB # 44521)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone:  (804) 358-4731
Facsimile:  (804) 864-0895
Email:  mschmidt@ayerslaw.com
***Attorney for the Plaintiff***