IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BETTIE J. PASCHALL, Executrix of the )
Estate of EARL WAYNE PASCHALL )
)
            Plaintiff,                )
)
    v.                                 )        Civil Action No. 3:11CV431–HEH
)
CBS CORPORATION, *et al.*              )
)
            Defendants.                )

## MEMORANDUM OPINION
### (Plaintiff's Motion to Remand)

This is a wrongful death action presently before the Court on the Motion to

Remand (Dk. No. 6) filed by Bettie J. Paschall, Executrix of the Estate of Earl Wayne

Paschall ("Plaintiff"). The Court heard oral argument on September 9, 2011. For the

reasons stated below, the Plaintiff's motion will be granted.

## I.

On March 19, 2010, Plaintiff filed a wrongful death action in the Circuit Court of

the City of Richmond. The alleged cause of death was asbestos exposure. The initial

Complaint named over seventy defendants, including the defendants presently before this

Court—Thyssen Krupp Elevator Corporation, Dover Elevator Company, Montgomery

Elevator Company, Kone Inc., CBS Corporation, Schindler Elevator Company, and Otis

Elevator Company ("Defendants"). The defendants named in the original Complaint

included the City of Richmond and 15 other Virginia defendants who were primarily

premises owners in the City of Richmond.

After filing the Complaint, Plaintiff waited until September 2, 2010 to serve any of the parties. According to Defendants, Plaintiff did not serve any of the Virginia premises owners at that time or at any time during the pendency of this case. (Defs.' Mem. Opp'n Pl.'s Mot. Remand [hereinafter Defs.' Mem.] at 3.) Defendants Thyssen Krupp, Dover, Montgomery, and Kone filed two separate demurrers in response to the Complaint, contending that the Plaintiff failed to sufficiently state a claim against Defendants. On December 30, 2010, the Circuit Court entered an order sustaining the demurrers and granting Plaintiff leave to file an Amended Complaint.

On January 19, 2011, Plaintiff filed an Amended Complaint in the Circuit Court. The Amended Complaint named 71 defendants, including the City of Richmond and 13 other Virginia residents. According to Defendants, Plaintiff never served 62 of the named defendants, including the Virginia resident defendants, most of which were premises owners. The eight out-of-state defendants again demurred to the entire First Amended Complaint and noticed a hearing for April 12, 2011. *Id.*

On April 5, 2011, one week before the demurrer hearing, Plaintiff mailed a nonsuit order to the Circuit Court and counsel dismissing the majority of the parties, including all of the Virginia resident defendants. The nonsuit left the defendants presently before this Court as the remaining eight defendants in the case. The Circuit Court entered the order non-suiting the defendants on April 6, 2011. According to Plaintiff, she copied Defendants' counsel on the transmittal of the nonsuit order. (Mem. Supp. Mot. Remand ¶ 9.) Additionally, the order became a part of the record upon entry by the court on April 6, 2011. *Id.*

On April 12, 2011, the Circuit Court held a hearing on the second demurrer.  The Circuit Court again sustained the demurrer with leave to amend.  An order to this effect was entered by the Circuit Court on May 17, 2011.

On June 6, 2011, Plaintiff filed her Second Amended Complaint.  The Second Amended Complaint named only the eight parties remaining after the nonsuit ("Defendants").  In late June, Defendants filed a third demurrer along with answers to the Second Amended complaint in the Circuit Court.  The parties noticed another hearing to be held on August 15, 2011.  (Defs.' Mem. at 3–4.)

On July 5, 2011, Defendants filed a Notice of Removal, arguing that complete diversity of the parties existed and that the amount in controversy was over $75,000.  Defendants also filed a motion for conditional transfer of the matter to the ongoing asbestos-focused Multidistrict Litigation Panel (MDL-875), in the Eastern District of Pennsylvania.

In response to removal, Plaintiff filed a Motion to Remand on July 11, 2011, arguing that Defendants' removal was time-barred by 28 U.S.C. § 1446(b).  Plaintiff contends that Defendants failed to remove the case "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  Additionally, Plaintiff contends that the case cannot be removed because Defendants filed the notice of removal "more than 1 year after commencement of the action."  28 U.S.C. § 1446(b).

3

Defendants respond that the case was properly removed because the Notice of Removal was filed within 30 days after Plaintiff filed the Second Amended Complaint. Defendants suggest in their reply that the Second Amended Complaint, in effect, constituted a new cause of action. Consequently, the action presently before the Court had not commenced until the filing of the Second Amended Complaint, which occurred on June 6, 2011; therefore, the notice of removal was filed within the requisite 30 days. (Defs.' Mem. at 4–5.) In addition, Defendants argue that this Court should apply principals of equitable tolling and deny the Plaintiff's motion to remand for her blatant attempt to circumvent diversity jurisdiction.[1]

## II.

A defendant may remove a civil action initially filed in state court to a United States district court if "the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1441(a). The party seeking removal bears the initial burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Because removal of a case from state court implicates "significant federalism concerns," this Court's removal jurisdiction must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Accordingly, the Fourth Circuit requires remand of a case to state court if federal jurisdiction is at all "doubtful." *Id.*

---

[1] On July 19, 2011, Defendants also moved to stay this action and any consideration of the Plaintiff's Motions to Remand pending resolution of the Conditional Transfer Order. (Defs' Mot. Stay Proceedings.)

A federal district court has diversity subject matter jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Federal courts have interpreted Section 1332's grant of diversity jurisdiction to require "complete diversity" of citizenship. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). Thus, to satisfy the requirement of complete diversity under 28 U.S.C. § 1332, the "citizenship of each plaintiff [in this case must be] diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Section 1446 of Title 28 establishes the procedures for removal of any case authorized to be removed under 28 U.S.C. § 1441. Relevant to this matter, the second paragraph of 28 U.S.C. § 1446(b) specifies the time limits for filing a notice of removal in cases such as the present one, where diversity is not present at the outset of the case.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The thirty-day window for removal is designed to prevent "undue delay in removal and the concomitant waste of state judicial resources." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir.1997). Similarly, Congress implemented the one-year bar to reduce "the opportunity for removal after substantial progress ha[d] been made in state

court." *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F.Supp.2d 699, 706 (E.D.Va. 2004).

## III.

In support of her motion to remand, Plaintiff contends that Defendants violated both of the Section 1446(b) time constraints—by removing the case over thirty days after receiving notification that the case had become removable and by filing their notice of removal more than one year after the commencement of the action. In response, Defendants attempt to characterize the Second Amended Complaint as a "new action" for purposes of removal. In the alternative, Defendants urge this Court to find an equitable exception to any timing limitations.

In situations where a case is not initially removable, the second paragraph of 28 U.S.C. § 1446(b) requires a notice of removal to "be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Notice that a case has become removable may arise in a variety of forms. For example, receipt of an order from a state court granting a nonsuit as to a non-diverse party provides sufficient notice. *Culkin v. CNH America, LLC*, 598 F.Supp.2d 758, 760 (E.D.Va. 2009). There is no requirement, however, that the paper originate from the court itself; consequently, information acquired during discovery may constitute "other paper" under the statute, thereby placing the defendant on notice that a case has become removable. *O'Quinn v. CNH America*, 457 F.Supp.2d 678, 682 (E.D.Va. 2006). In

*Lovern v. GMC*, for example, the thirty-day time limit began to run when the defendants received a copy of a police report that first demonstrated the plaintiff's diverse residency. 121 F.3d 160, 161 (4th Cir. 1997).

As explained by pertinent case law, however, "the thirty-day removal period is not triggered at the instant the case becomes removable, or even when the defendant has enough evidence to surmise that the case might have become removable." *US Airways*, 340 F.Supp.2d at 703-04. Rather, the amended pleading, motion, order or other paper "must be unequivocally clear and certain to start the [thirty-day] time limit running for a notice of removal under the second paragraph of section 1446(b)." *Id.* (citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)).

In the present case, Plaintiff alleges that Defendants first received notice that the case had become removable in early April—Plaintiff served Defendants with a nonsuit on April 5, 2011 and the Circuit Court entered the Nonsuit Order on April 6, 2011. As proof of such notice, Plaintiff cites to an excerpt from a hearing held between the parties on April 12, 2011, at which Defendants acknowledged the nonsuit. (Reply Pl. Opp'n Pl.'s Mot. Remand [hereinafter Pl. Reply] Ex. 2 at 3.)

It is undisputed that Defendants waited until July 6, 2011 to remove the case and, as a result, did not file within thirty days after receiving notice of the nonsuit. In opposition, Defendants point to the fact that they removed the case within thirty days of receiving the Second Amended Complaint. According to Defendants, because the Circuit Court verbally sustained the demurrer in the hearing on April 12, 2011 and then entered the order on May 17, 2011, no cause of action existed until the Plaintiff filed the Second

Amended Complaint on June 6, 2011. At the very least, Defendants suggest that the removability of the case remained unclear or ambiguous until Plaintiff filed the Second Amended complaint.

"[I]t is well-settled that state law governs the determination of the commencement of the action for the purpose of the one year limit on removal." *US Airways*, 340 F.Supp.2d at 704. Under Rule 3:2(a) of the Rules of the Supreme Court of Virginia, a civil action "is commenced by filing a complaint in the Clerk's office." VA. SUP. CT. R. 3.2. Therefore, in the present case the civil action officially commenced on March 19, 2010. Despite the Defendants' suggestion to the contrary, the Supreme Court of Virginia has "made it clear that sustaining a demurrer does not necessarily dismiss a case." *Norris v. Mitchell,* 255 Va. 235, 239, 495 S.E.2d 809, 809 (1998). In other words, "it is not a final order; to be final, it must go further and dismiss the case." *Id.*

In cases wherein an order sustains a demurrer and also provides a plaintiff with leave to amend, the order of dismissal only becomes final if and when the plaintiff fails to amend her complaint within the specified time. *Id.*; *see also Berean Law Group v. Cox,* 259 Va. 622, 528 S.E.2d 108 (2000). Despite conflicting allegations by the Defendants, the Circuit Court never dismissed Plaintiff's complaint outright in the two orders sustaining the demurrers. In fact, whereas the December order directed Plaintiff to identify the claims being brought against each defendant more specifically, the May order only addressed a small portion of the Plaintiff's claims, leaving the remaining claims

intact.[2]  Moreover, despite Defendants' assertions, at no point was it unclear which parties were named in the complaint.[3]

Therefore, the case undeniably remained active from the initial commencement on March 19, 2010, and Defendants retained the ability to remove the case at any time after diversity became apparent.  According to the transcript from the second demurrer hearing, Defendants were aware of the nonsuit order dismissing all of the Virginia defendants.  Therefore, it is safe to say that at the very latest, Defendants had ascertained that removal was possible by April 12, 2011.  At that point the thirty day removal period began to run and subsequently expired on May 12, 2011.

As a last resort, Defendants argue that the Circuit Court's verbal declaration sustaining the demurrer on April 12, 2011 created ambiguity with regards to removability.  A Virginia circuit court, however, "only speaks through its written orders." *Berean Law Group, P.C. v. Cox*, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000). Applying this rule to the facts of the case, the Amended Complaint filed on January 19,

---

[2] In the order granting Defendants' first demurrer, the Circuit Court found that Plaintiff's complaint failed to state the law correctly as to the allegations related to the failure to warn claim.  The court also found that Plaintiff failed to allege fraud with the requisite specificity and alleged strict liability, which is not a claim recognized under Virginia law.  Additionally, the court found that Plaintiff must "identify the specific causes of action being pressed against each specific defendant more specifically." (Defs.' Mem. Ex. C at 1.)  In the second demurrer order, the Circuit Court found that the complaint failed to accurately state the law as related to failure to warn and did "not adequately allege a cause of action for liability based on subsequent repairs or replacement parts" and did not adequately allege a basis for punitive damages.  The court also determined that the Amended Complaint alleged a duty to recall, not recognized under Virginia law.  (Pl. Reply Ex. 1 at 4.)

[3] Defendants heavily rely on *Estate of James v. Peyton*, 674 S.E.2d 864 (Va. 2009), in support of their argument that the Amended Complaint should be considered a "new action" because the complaint failed to sufficiently identify the claims and the parties alleged to be liable for those claims.  (Defs.' Mem. at 2.)  This reliance, however, is misguided, as the named case addressed the failure of the plaintiff to adequately identify the representative of an estate.

2011 remained active until the Circuit Court's order was entered on May 17, 2011—well after the thirty day removal period expired on May 12, 2011.

Additionally, because the Virginia Rules of Practice and Procedure require permission of the court to add a new party, the nonsuit order entered by the court unequivocally established the diversity of the parties. VA. SUP. CT. R. 3.6. Thus, Defendants retained an unambiguous, uninterrupted thirty-day period to remove the case to federal court, of which they failed to avail themselves.

Because the Defendants failed to remove the case within thirty days after receiving notification of the nonsuit order dismissing the Virginia defendants, the Court need not address whether the Defendants also failed to remove the case within the one-year limitation. Although this Court does not condone the course of action adopted by the Plaintiffs, it has no choice but to remand this case to the Circuit Court.

For the foregoing reasons, the Plaintiff's Motion to Remand will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
United States District Judge

Date: Sept 14, 2011
Richmond, VA